MATILDA BURDA, Plaintiff, *v.* PALISADES INTERSTATE PARK COMMISSION et al., Defendants.

Supreme Court, Special Term, Rockland County, March 26, 1953.

*Nathaniel L. Goldstein, Attorney-General (Arthur W. Mattson* of counsel), and *Elias M. Schwarzbart* for Palisades Interstate Park Commission, defendant.

*Joseph A. D'Addario* for plaintiff.

BAILEY, J. Plaintiff maintains this action in equity to set aside an appropriation of a triangular parcel of land taken pursuant to the provisions of section 676-a of the Conservation Law for parkway purposes. Plaintiff contends that the acts of defendant, Palisades Interstate Park Commission, were illegal because the appropriation of the triangular parcel described in Exhibit " A " attached to the complaint constituted an appropriation of more land than necessary for the public purpose.

Defendant, Palisades Interstate Park Commission, moves to dismiss the complaint upon the ground (1) that it does not state facts sufficient to constitute a cause of action (2) that the court does not have jurisdiction of the subject of the action (3) that there is another action pending between the same parties for the same cause (4) that there is an existing final judgment of the Court of Claims rendered on the merits determining the same cause between the parties herein.

Section 676-a of the Conservation Law grants to a regional park commission the right to acquire property for parks and parkways by filing with the Department of State an accurate description of the property " which is deemed necessary for park or parkway purposes " which shall have indorsed thereon a notice that the property is appropriated " for a particular park or parkway purpose, naming the same." Plaintiff does not dispute compliance with these provisions but claims that the commission appropriated more land than was necessary for the public purpose.

The necessity for appropriating private property for public use is a question to be determined by the Legislature which may delegate its power to public officers. It involves the exercise of the power of eminent domain which is not reviewable by the courts. (*Rindge Co.* v. *Los Angeles,* 262 U. S. 700; *Matter of Schantz* v. *Genesee State Park Comm.,* 202 Misc. 682.) The opinion of the Legislature or the tribunal upon which is conferred the power to determine the questions of necessity or expediency is political and not judicial. (*Matter of City of New York* [*Ely Ave.*], 217 N. Y. 45.)

When the Legislature appropriates public money for an improvement the courts may inquire whether the improvement is for a public purpose but the scrutiny of the court is confined to matters appearing upon the face of the legislation itself. (*Waterloo Woolen Mfg. Co.* v. *Shanahan,* 128 N. Y. 345.) As stated by the court in the above case at pages 358–359: " The purpose * * * expressed is not private or local, but public,

inasmuch as the general improvement of the public highways of the state   \*   \*   \*   is for the benefit of the state at large, though some locality or some individuals may be benefited more than others. The expenditure may in fact be improvident and the work may prove to be useless to the public, but the legislature, as the depository of the sovereign powers of the people, must necessarily be the judge of the propriety and utility of making it.   \*   \*   \*   The judicial department can not institute an inquiry concerning the motives and purposes of the legislature, in order to attribute to it a design contrary to that clearly expressed or fairly implied in the bill, without disturbing or impairing in some measure the powers and functions assigned by the Constitution to each department of government." (See, also, *McCabe* v. *City of New York*, 213 N. Y. 468.)

The determination of the Palisades Interstate Park Commission as to the necessity for acquiring the property in question is an exercise of a legislative function over which the court has no control. The court will not impute the use of the legislative power for improper motives. Collateral attacks are precluded. (*Chimney Sweeps Islands Corp.* v. *La Guardia*, 14 N. Y. S. 2d 370.)

The complaint fails to state facts sufficient to constitute a cause of action and the court does not have jurisdiction of the subject of the action. The motion is granted upon the first two grounds enumerated.

Submit order.